IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RECKO ELLIS, | : | |
| Plaintiff | : | |
| VS. | : | |
| Valdosta Police Officer ADAIRE, | : | NO. 7:07-CV-18 (HL) |
| Defendant | : | **ORDER TO SHOW CAUSE** |

Plaintiff **RECKO ELLIS** has filed a *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff states in his complaint that on February 14th,[1] while he was incarcerated in the Lowndes County Jail, defendant Officer Adaire pushed plaintiff down to the floor, punched and kicked him, and then sprayed plaintiff with pepper spray. According to plaintiff, Adaire told plaintiff that "this is for [Officer] Renfroe whom [plaintiff] had filed a lawsuit on." As a result of this incident, plaintiff allegedly suffered three broken ribs for which he was denied medical treatment "because [he] was going home the next day." Plaintiff's complaint indicates that plaintiff's sentence was completed on February 15, 2007.

The court-provided section 1983 complaint form has a section that asks whether the plaintiff pursued a prisoner grievance procedure. Plaintiff responded positively but, in response to the question "What were the results?", plaintiff states "no response was given." Plaintiff's complaint is dated February 14, 2007, and was received by this Court on February 15, 2007.

---

[1] It is unclear whether plaintiff is referring to February 14, 2006 or 2007. Plaintiff states in his complaint that the incident occurred on February 14, 2006, but based on plaintiff's February 15, 2007, release date, the Court believes plaintiff intended to state that the incident occurred on February 14, 2007. If 2007 is the incorrect year, plaintiff should advise the Court.

## II. DISCUSSION

It appears that plaintiff has not exhausted his administrative remedies under the prison grievance system prior to submitting his lawsuit in this Court, as he is required to do under 42 U.S.C. § 1997e(a). Section 1997e(a) provides as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." **See Booth v. Churner**, 532 U.S. 731, 741 n.6 (2001) (exhaustion is required whether the plaintiff seeks monetary damages, declaratory and injunctive relief, or both).

The Eleventh Circuit Court of Appeals has explained that "an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." **Brown v. Sikes**, 212 F.3d 1205, 1207 (11th Cir. 2000). Before filing a section 1983 complaint in Court, a prisoner must have filed an administrative grievance and received a ruling on the grievance. *Id.* at 1207. Prisoners must not simply initiate grievances, they must also appeal any denial of relief through all levels of administrative review that comprise the administrative grievance process. **See Booth**, 532 U.S. at 740; **Moore v. Smith**, 18 F. Supp. 2d 1360, 1362 (N.D. Ga. 1998) (finding that a prisoner lawsuit in which the denial of a grievance was not appealed must be dismissed under section 1997e). The exhaustion requirement is mandatory and cannot be waived even when the grievance process is futile or inadequate. **Alexander v Hawk**, 158 F.3d 1321, 1325-26 (11th Cir. 1998).[2] Moreover, exhaustion is required for a released prisoner who

---

[2] The Eleventh Circuit has identified seven policy reasons underlying the exhaustion requirement:
> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative

was confined when he filed lawsuit. *See Harris v. Garner*, 216 F.3d 970, 974-78 (11th Cir. 2000) (*en banc*).

The event underlying plaintiff's grievance occurred the day before plaintiff filed his complaint in this case. It thus appears unlikely that plaintiff received a response to both his grievance and to the appeal of his grievance prior to filing his complaint. Because plaintiff is proceeding *pro se*, the Court directs him to **SHOW CAUSE** to the Court, if he has any, why his lawsuit should not be dismissed for failing to exhaust administrative remedies as required by law. Specifically, plaintiff is instructed to provide additional specific allegations that indicate he has in fact exhausted his administrative remedies prior to his filing of this lawsuit on February 14, 2007. If possible, plaintiff should attach copies of all grievance filings, appeals, and responses.

Alternatively, now that plaintiff has been released from prison, and is no longer subject to the exhaustion requirement, plaintiff may wish to withdraw this action and re-file his lawsuit.[3] *See*

---

> process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.

*Alexander*, 159 F.3d at 1327.

[3] A motion to amend (Tab # 3), signed by an April Core as plaintiff, was filed simultaneously with the filing of the complaint. In said motion, Ms. Core sets forth information pertaining to an incident of excessive force occurring on January 19, 2007, apparently when Ms. Core was visiting plaintiff at the Lowndes County Jail.
 Rule 20(a) of the Federal Rules of Civil Procedure provides in relevant part:
(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.
Plaintiff and Ms. Core have not asserted that they have a joint right to relief and have provided no facts to demonstrate that their claims arise out of the same transaction, occurrence, or series of transactions to permit joinder of the parties. The Court will not allow the joining of these separate claims and plaintiffs into one action. Consequently, Ms. Core's motion to amend is **DENIED**. If Ms. Core wishes to proceed with her claims, she must submit a separate complaint.

*Greig v. Gord*, 169 F.3d 165, 167 (2d Cir. 1999) (holding that litigants "who file prison conditions actions after release from confinement are no longer 'prisoners' for purposes of § 1997e(a) and, therefore, need not satisfy the exhaustion requirements of this provision").

If plaintiff fails to respond to this Order to Show Cause, his lawsuit will be subject to immediate dismissal. There shall be **no service of process** until further order of the Court.

**SO ORDERED**, this 23rd day of February, 2007.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE